[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12543

_____

D.C. Docket No. 1:18-mc-24108-JEM

EUGENIO MIGUEL ROTHE,

Petitioner-Appellee,

versus

ARTURO J. ABALLÍ, JR.,

Interested Party-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 27, 2021)

Before WILSON, ROSENBAUM and HULL, Circuit Judges.

PER CURIAM:

Appellant Arturo Aballí, Jr. appeals the district court's June 24, 2020 order

permitting the discovery of certain non-privileged documents sought by Appellee

Dr. Eugenio Miguel Rothe under 28 U.S.C. § 1782.  After careful review of the record and the parties' briefs, we affirm because Appellant Aballí has shown no reversible error.[1]

## I.    Procedural Background

As background, Dr. Rothe filed an ex parte Application for Judicial Assistance, pursuant to § 1782, to serve a subpoena duces tecum on Mr. Aballí to discover certain non-privileged documents involving a family trust for use in a foreign proceeding.  On November 14, 2018, the magistrate judge granted Dr. Rothe's subpoena, thus ordering discovery.  On December 10, 2018, Mr. Aballí filed a motion to vacate the discovery order and a motion to quash the subpoena. On January 8, 2019, the magistrate judge denied Mr. Aballí's motion, once again ordering discovery.  On April 1, 2019, Mr. Aballí filed an amended renewed motion to vacate.  On April 30, 2019, the magistrate judge held a hearing on the motion and granted Mr. Aballí's amended renewed motion to vacate in a summary one-page order in accordance with her rulings "at the hearing."  The rulings thus

---

[1]This Court reviews a district court's decision to grant or deny an application under 28 U.S.C. § 1782 "for an abuse of discretion."  Glock v. Glock, Inc., 797 F.3d 1002, 1005 (11th Cir. 2015) (citing United Kingdom v. United States, 238 F.3d 1312, 1319 (11th Cir. 2001)).  "This review is 'extremely limited and highly deferential.'"  In re Clerici, 481 F.3d 1324, 1331 (11th Cir. 2007) (quoting United Kingdom, 238 F.3d at 1319).  However, because this appeal is of a district court's decision as to a magistrate judge's ruling, we must also examine whether the district court abused its discretion by applying a wrong legal standard in its review of the magistrate judge's ruling.  After all, a district court abuses its discretion when it applies an incorrect legal standard.

come from what the magistrate judge said at the April 30, 2019 hearing, not from the written vacatur order. In particular, the magistrate judge discussed what efforts Dr. Rothe had made to seek the documents in the foreign proceeding. The magistrate judge also asked, "Isn't the whole purpose of 1782 that the documents cannot be obtained in the forum state?" The same day, the magistrate judge granted Mr. Aballí's amended renewed motion to vacate the order granting the § 1782 application.

After Dr. Rothe objected to the magistrate judge's vacatur order, the district court, in its June 24, 2020 order, sustained Dr. Rothe's objection, found "error" and vacated the magistrate judge's April 30, 2019 order as "contrary to law," and ordered Mr. Aballí to comply with Dr. Rothe's discovery request for certain non-privileged documents. On July 8, 2020, Mr. Aballí filed an appeal. Mr. Aballí also sought a stay of the discovery pending appeal, but both the district court and this Court denied a stay. Mr. Aballí produced the requested documents and this appeal proceeded.

## II.    Discussion

We first find that the appeal is not moot because, <u>inter alia</u>, the return of private documents, like the documents requested by Dr. Rothe, would provide some meaningful relief. See <u>Church of Scientology of California v. United States</u>, 506 U.S. 9, 12–13, 113 S. Ct. 447, 450 (1992) ("[A] court does have power to

effectuate a partial remedy by ordering the Government to destroy or return any and all copies it may have in its possession."); In re Grand Jury Proceedings, 142 F.3d 1416, 1422 (11th Cir. 1998) ("Physical property can be retrieved; words, once uttered, cannot.").[2]

Next, we conclude that the district court did not apply the incorrect standard of review to the magistrate judge's decision.  Mr. Aballí is correct that § 1782 motions are non-dispositive matters within the meaning of 28 U.S.C. § 636(b)(1)(A), and orders on such motions are "set aside or modified [by the district court] only 'if clearly erroneous or contrary to law.'"  Weber v. Finker, No. 3:07-mc-27-J-32MCR, 2008 WL 2157034, at *1 (M.D. Fla. May 20, 2008); In re Pons, No. 19-23236-MC-LENARD, 2020 WL 1860908, at *3 (S.D. Fla. Apr. 13, 2020) (collecting myriad cases where magistrate judges' rulings on § 1782 matters are non-dispositive and afforded clearly erroneous review); see also Victoria, LLC v. Likhtenfeld, 791 F. App'x 810, 814 (11th Cir. 2019) ("[T]he district court issued an order rejecting the Appellants' objections to the magistrate judge's orders and their appeal, concluding that the magistrate judge's determinations were not clearly erroneous nor contrary to law.").  True, the district court did not explicitly state what standard of review it was applying.  Nonetheless, its order adequately

---

[2]Questions of mootness are reviewed de novo.  United States v. Askins & Miller Orthopaedics, P.A., 924 F.3d 1348, 1355 (11th Cir. 2019).

4

indicates that it concluded the magistrate judge clearly erred by reading an exhaustion requirement into the § 1782 statute.  Its order stated, "to the extent the Magistrate Judge denied § 1782 discovery on the basis that Dr. Rothe had to seek discovery in the [foreign proceeding] first, the Court finds error."  As the district court correctly determined, there is no such exhaustion requirement in § 1782, and reading one into the statute is contrary to law and clearly erroneous.  Indeed, the district court's order concluded: "The Magistrate Judge's April 30, 2019 order . . . is **VACATED** as contrary to law."[3]

Finally, we reject Mr. Aballí's argument that Dr. Rothe failed to show the documents were for use in a foreign proceeding.  Section 1782 provides the requested evidence be "for use in a proceeding in a foreign or international tribunal."  28 U.S.C. § 1782(a); see In re Clerici, 481 F.3d 1324, 1333 (11th Cir. 2007) ("[T]he proceeding for which discovery is sought need only be 'within reasonable contemplation.'" (quoting Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 259, 124 S. Ct. 2466, 2480 (2004))).  The district court pointed out that the record "clearly show[s] that an appeal is pending" in the foreign court. The district court concluded that the record "convincingly shows that the documents the Magistrate Judge initially ordered produced can be used at the

---

[3]We recognize both parties state that the district court conducted de novo review of the magistrate judge's ruling.  However, we disagree for the reasons outlined above.

5

appellate level in the same manner as in the trial-court level." Further, "[s]ection 1782 does not require that every document discovered be actually used in the foreign proceeding." Weber v. Finker, 554 F.3d 1379, 1385 (11th Cir. 2009). The scope of § 1782 discovery is not strictly limited to the current posture of the foreign proceeding. Therefore, the district court did not err in finding that the requested documents were "for use" in a foreign proceeding.[4]

Accordingly, we affirm the district court's June 24, 2020 order.

**AFFIRMED.**

---

[4]Given our affirmance, we also conclude that Mr. Aballí has shown no error in the district court's silence as to his requested sanctions.

6